**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0888-19

NELSON VILLANUEVA,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted April 19, 2021 – Decided May 13, 2021

Before Judges Mayer and Susswein.

On appeal from the New Jersey Department of Corrections.

Nelson Villanueva, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Tasha Marie Bradt, Deputy Attorney General, on the brief).

PER CURIAM

Nelson Villanueva, currently an inmate at Bayside State Prison, appeals from a New Jersey Department of Corrections (DOC) final agency decision affirming a guilty finding for committing prohibited act *.202, "possession or introduction of a weapon, such as, but not limited to, a sharpened instrument, knife, or unauthorized tool," N.J.A.C. 10A:4-4.1(a)(1)(x). We affirm.

While conducting a search of linens, a corrections officer discovered a "'Bic' pen with the ink cartridge removed, and a razor blade inserted in the end. The . . . pen was discovered in the open oatmeal box inside inmate Villanueva['s] locked locker."

Villanueva was charged with committing prohibited act *.202, alleging possession or introduction of a weapon. The matter was referred to a hearing officer for further action. Villanueva pleaded not guilty to the charge and requested the assistance of counsel substitute.

At the hearing, with the assistance of counsel substitute, Villanueva maintained he "was set up." Counsel substitute requested leniency on Villanueva's behalf. Villanueva was afforded an opportunity to present witnesses and to cross-examine adverse witnesses. He declined either opportunity.

At the conclusion of the proceeding, the hearing officer found Villanueva guilty of committing prohibited act *.202. The hearing officer relied on the incident report, stating "a homemade weapon was found in an oatmeal box inside [Villanueva's] locked locker." In addition, the hearing officer found Villanueva's argument he was framed unsupported by the evidence.

The hearing officer sanctioned Villanueva to 181 days' administrative segregation, 90 days' loss of commutation time, and ten days' loss of recreational privileges. The hearing officer reasoned the homemade weapon found in Villanueva's locker "is consistent [with a] weapon that could cause serious harm," and he should "be held accountable" to deter future infractions and to promote safety and order in the facility.

Villanueva filed an administrative appeal from the hearing officer's determination. He argued "the incident was the result of issues with the officer." He also argued he "had no meaningful charge history, and has been at Bayside State Prison for approximately [ten] years without incident." The Associate Administrator upheld the guilty finding and sanctions.

On appeal, Villanueva argues the guilty finding must be vacated because the decision was arbitrary, capricious, and unreasonable and unsupported by substantial credible evidence in the record. We reject these arguments.

A-0888-19

Our scope of review of an agency decision is limited.  In re Stallworth, 208 N.J. 182, 194 (2011); Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010).  Reviewing courts presume the validity of the "administrative agency's exercise of its statutorily delegated responsibilities." Lavezzi v. State, 219 N.J. 163, 171 (2014).  "We defer to an agency decision and do not reverse unless it is arbitrary, capricious[,] or unreasonable or not supported by substantial credible evidence in the record."  Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243, 259 (App. Div. 2010).  In determining whether an agency action is arbitrary, capricious, or unreasonable, we consider whether: (1) the agency followed the law; (2) substantial evidence supports the findings; and (3) the agency "clearly erred" in "applying the legislative policies to the facts."  In re Carter, 191 N.J. 474, 482-83 (2007) (quoting Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)). "'Substantial evidence' means 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Figueroa, 414 N.J. Super. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)).

Prison disciplinary hearings are not part of a criminal prosecution, and the full spectrum of rights due to a criminal defendant does not apply.  Avant v. Clifford, 67 N.J. 496, 522 (1975).  However, when reviewing a DOC determination in a matter involving prisoner discipline, we consider not only

4

whether there is substantial evidence that the inmate committed the prohibited act, but also whether, in making its decision, the DOC followed regulations adopted to afford inmates procedural due process. See McDonald v. Pinchak, 139 N.J. 188, 194-96 (1995).

We reject Villanueva's claim his right to due process was violated. Based on our review of the record, Villanueva received all the process due to him as an inmate. The investigating corrections officer complied with N.J.A.C. 10A:4-9.5, governing investigations. The staff investigated within forty-eight hours of service of the disciplinary report on Villanueva. N.J.A.C. 10A:4-9.5(a). Villanueva received the written charges at least twenty-four hours prior to the hearing, entered a not guilty plea, and was accorded the opportunity to make a statement during the disciplinary hearing pursuant to N.J.A.C. 10A:4-9.5(e). He was permitted to call witnesses or present witness statements and had the opportunity to confront and cross-examine adverse witnesses. However, Villanueva declined to do so. In addition, Villanueva reviewed the adjudication report and evidence presented to the hearing officer. The signatures of Villanueva and his counsel substitute on the adjudication report indicated the information contained in the report accurately reflected the hearing proceeding.

A-0888-19

We note the absence of any evidence in the record that Villanueva or his counsel substitute timely requested a polygraph examination of the investigating corrections officer. Even presuming such a request, a denial of a request for a polygraph examination is not necessarily a violation of Villanueva's due process rights. A polygraph examination will only be granted in limited circumstances, N.J.A.C. 10A:3-7.1(a), and "[a]n inmate's request for a polygraph examination" alone is insufficient cause to grant the request. N.J.A.C. 10A:3-7.1(c). A polygraph may be requested by the Administrator or designee either "[w]hen there are issues of credibility regarding serious incidents or allegations which may result in a disciplinary charge" or "when the Administrator or designee is presented with new evidence or finds serious issues of credibility" in conjunction with the reinvestigation of a disciplinary charge. N.J.A.C. 10A:3-7.1(a).

Here, there were no credibility issues warranting a polygraph test. Nor was there any new evidence presented. The investigating correction officer submitted a written report on the date of the incident, detailing his findings and submitting a photograph of the pen/weapon found in Villanueva's personal belongings. Villanueva offered no evidence or testimony from other inmates or staff challenging the veracity of the investigating officer's report. On this

6

record, there was "sufficient corroborating evidence to negate any serious question of credibility." Ramirez v. Dep't of Corr., 382 N.J. Super. 18, 24 (App. Div. 2005).

Villanueva's suggestion in his merits brief that he had no reason to possess a weapon does not create a serious credibility issue. In a self-serving statement, Villanueva claimed he "was set-up." An inmate's denial of a disciplinary charge against him is insufficient to warrant a polygraph examination. Id. at 23-24. As a result, any timely request for a polygraph examination would have been denied.

We next consider Villanueva's argument, raised for the first time on appeal, the search of his cell constituted a violation of his rights. A corrections facility is permitted to conduct routine and random cell searches to preserve the safety and security of the facility. N.J.A.C. 10A:3-5.2; N.J.A.C. 10A:3-5.3. Under the rules governing corrections facilities, Villanueva had no right to possess a sharpened instrument among his personal property, N.J.A.C. 10A:4-4.1(a)(1)(x), and the search of his cell was proper.

We also reject Villanueva's argument the guilty finding was arbitrary, capricious, or unreasonable and lacked support in the record based on substantial credible evidence. In this matter, the hearing officer properly relied on the

A-0888-19

incident and custody reports describing the search of Villanueva's cell and the finding of the weapon among his personal belongings in a locked footlocker. Villanueva's self-interested rhetorical questions regarding the absence of a motive for his possession of a weapon fail to overcome the substantial, credible evidence in the record supporting the hearing officer's guilty finding.

We discern no basis to reject the hearing officer's factual findings regarding the weapon found in Villanueva's locker. Because the guilty finding was supported by substantial credible evidence and Villanueva was afforded due process, the determination Villanueva committed prohibited act *.202 was not arbitrary, capricious, or unreasonable.

To the extent we have not addressed any of Villanueva's remaining arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(D) and (E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0888-19